UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| GREGORY HUMPHREYS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-13-98-HE |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Gregory Humphreys appeals the denial of his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-434, 1381-1383f. United States District Judge Joe Heaton has referred the matter to the undersigned magistrate judge for proceedings consistent with 28 U.S.C. § 636(b). Having reviewed the record,[1] the transcript of the administrative hearing, the decision of the administrative law judge ("ALJ"), and the pleadings and briefs of the parties, the undersigned recommends that the decision of the Commissioner be AFFIRMED.

PROCEDURAL HISTORY

On October 2, 2008, Plaintiff filed applications for DIB and SSI, alleging a disability beginning May 26, 2006. R. 179, 198. Following initial administrative denials of Plaintiff's applications, Plaintiff requested and was granted a hearing before an ALJ, which was held

---

[1] References to the administrative record, Doc. No. 9, are as "R. ___."

on September 23, 2011. *Id.* at 108, 115, 53-104. The ALJ issued an unfavorable decision on December 7, 2012. *Id.* at 27-39. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. *Id.* at 1-6; 20 C.F.R. §§ 404.981, 416.1481. This appeal followed.

ADMINISTRATIVE DECISION

The Social Security Act provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). The disabling impairment(s) must last, or be expected to last, for at least 12 consecutive months. *Id.* § 423(d)(1)(A); *Barnhart v. Walton*, 535 U.S. 212, 214-15 (2002).

To determine whether a claimant is disabled within the meaning of the Act, the Commissioner uses a five-step sequential evaluation process. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). Here, at step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the relevant time period. R. 30. At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative lumbar disc disease with foraminal narrowing, mild degenerative changes of the right hip, and left rotator cuff syndrome. *Id.* at 31-32. The ALJ determined, however, at step three that Plaintiff's condition did not meet or equal any of the presumptively disabling impairments listed in 20 C.F.R. Pt. 404, Subpart P, Appendix 1 (the "Listings"). R. 32.

The ALJ next evaluated Plaintiff's residual functional capacity ("RFC"), finding that Plaintiff could

> perform a range of light work activity. The claimant can lift and/or carry and push and/or pull twenty pounds occasionally, ten pounds frequently. He can stand and/or walk, with normal breaks, for a total of six hours in a workday. He can sit, with normal breaks, for a total of six hours in a workday. He can reach occasionally with the non-dominant, left arm.

*Id.* at 32-33. In light of this finding, the ALJ determined at step four that Plaintiff was unable to perform his past relevant work of oil field driller, heavy equipment operator, roustabout, truck driver, construction laborer, welder's helper, or farm laborer. *Id.* at 37-38.

At step five, the ALJ evaluated whether Plaintiff – considering his age, education work experience, RFC, and skills acquired from past relevant work – could perform an occupation that offered a significant number of jobs in the national economy. *Id.* at 38-39. Upon consideration of the testimony of a vocational expert, the ALJ determined that Plaintiff had acquired work skills that were transferrable to other occupations offering significant numbers of jobs in the national economy, including telephone directory distributor, self-service store attendant, and outside deliverer. *Id.* The ALJ determined, accordingly, that Plaintiff was not disabled within the meaning of the Act during the relevant time period. *Id.* at 39.

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether factual findings are supported by substantial evidence in the record as a whole and whether correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (internal quotation marks omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004) (internal quotation marks omitted). The court "meticulously examine[s] the record as a whole," including any evidence that may undercut or detract from the administrative law judge's findings, to determine if the substantiality test has been met. *Wall*, 561 F.3d at 1052 (internal quotation marks omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

## ISSUES PRESENTED ON APPEAL

Plaintiff contends that the ALJ erred in finding that Plaintiff's statements regarding the intensity, persistence, and limiting effects of Plaintiff's impairments were not fully credible. Pl.'s Br., Doc. No. 18, at 9-13. Further, Plaintiff contends the ALJ erred by not including in Plaintiff's RFC various nonexertional impairments that Plaintiff suffers as side effects of his pain medications. *Id.* at 7-9.

## ANALYSIS

**I.   The ALJ's Credibility Determination**

Plaintiff claims the ALJ erred in evaluating his credibility and properly explaining that evaluation. Pl.'s Br. at 9-13. A challenge of an ALJ's credibility determination is, at

4

its root, an argument that the ALJ's RFC determination is not supported by substantial evidence. "The [agency's] regulations require that an ALJ's RFC [determination] be based on the entire case record, including the objective medical findings and the credibility of the claimant's subjective complaints." *Poppa*, 569 F.3d at 1170–71. "Since the purpose of the credibility evaluation is to help the ALJ assess a claimant's RFC, the ALJ's credibility and RFC determinations are inherently intertwined." *Id.* at 1171.

Substantial deference is given an ALJ's determination of a claimant's credibility. "Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005) (internal quotation marks omitted). The ALJ, however, must adequately explain the reasons behind a credibility determination. "[F]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Id.* (internal quotation marks omitted). This does not mean that the ALJ's explanation must include "a formalistic factor-by-factor recitation of the evidence;" rather, the ALJ need only "set[] forth the specific evidence he relies on." *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

Here, the ALJ found that "[t]he claimant's statements concerning the intensity, persistence, and limiting effects of [Plaintiff's] symptoms are not credible to the extent they are inconsistent with [the ALJ's RFC] assessment." R. 34. The ALJ thereafter discussed the specific grounds underlying her credibility findings, and secondarily

5

addressed credibility issues in the course of analyzing medical records and medical opinion evidence for purposes of determining Plaintiff's RFC. *See id.* at 34-37.

The ALJ noted that Plaintiff submitted a disability report form to the SSA that indicated he routinely engaged in daily living activities that the ALJ found to be inconsistent with the functional limitations described by Plaintiff at the hearing. *Id.* at 34.[2] While the inconsistency may not be extreme, it cannot be said that the ALJ's credibility finding is unsupported by substantial evidence. Further, the ALJ observed that Plaintiff had engaged in personal and home activities that required a level of exertion inconsistent with Plaintiff's testimony. *Id.* (citing deer hunting in 2007, lifting of hot tub in 2008, and farm work in 2010). Plaintiff argues that these were isolated incidents of ordinary life and do not mean what the ALJ took them to mean, *see* Pl.'s Br. at 11-12, but again Plaintiff has not shown that the ALJ's finding is unsupported by substantial evidence.

The ALJ noted that Plaintiff had voluntarily discontinued a course of physical therapy in 2006, and she found that decision to be inconsistent with what would be expected of an "individual[] with a truly pain-producing impairment." *Id.* at 34; *see id.* at 389 (August 30, 2006 discharge summary by Regeneration Physical Therapy stating that Plaintiff "attended only one visit"). Plaintiff argues that he did not return to that clinic

---

[2] Plaintiff argues that this form was actually completed by his wife. Pl.'s Br. at 9-10. The document was signed by Mrs. Humphreys as the person "completing this form," but the text entries are first-person accounts as if given by Mr. Humphreys himself. R. 215-22. Even if the information in the form is taken as Mrs. Humphreys' observations, not those of her husband, the form evidences Plaintiff's daily living activities that may be viewed as inconsistent with Plaintiff's alleged functional limitations.

because he felt he was not receiving adequate care, citing a contemporaneous note by his doctor that reflects Plaintiff's same complaint. Pl.'s Br. at 11 (citing R. 285). The sufficiency of that explanation is a matter properly decided by the ALJ. It cannot be said that the ALJ's finding is unsupported by substantial evidence.

Finally, the ALJ analyzed medical opinion evidence from multiple sources for purposes of evaluating Plaintiff's RFC. R. 35-37. In the course of that analysis, the ALJ noted a report by Plaintiff that his rotator cuff injury had improved and two instances in which Plaintiff voluntarily discontinued "treatment designed to reduce . . . pain and other symptoms." *Id.* at 36, 37. The ALJ also specifically found Plaintiff's complaints about pain in his back, lower extremities, and shoulder to be inconsistent with objective medical evidence in the form of a normal electromyography test taken in August 2010 and other medical records. *See id.* at 34-35.[3] Plaintiff does not address these findings.

The ALJ's conclusion that Plaintiff's subjective complaints are not entirely credible is both supported by substantial evidence and explained through specific, written findings linked to that evidence. Plaintiff has failed to establish that the ALJ committed reversible error in connection with her assessment of Plaintiff's credibility.

---

[3] The Tenth Circuit has identified the following noninclusive factors to be considered in evaluating the credibility of a claimant's subjective pain testimony:

> [T]he levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Hargis v. Sullivan*, 945 F.2d 1482, 1489 (10th Cir. 1991) (internal quotation marks omitted).

**II. Whether the ALJ's RFC Determination Was Supported by Substantial Evidence, Including upon Proper Review of the Nonexertional Limitations Imposed on Plaintiff as a Result of Required Pain Medication**

At the hearing, Plaintiff testified that he takes Lortab and other medications to control pain in his back, right leg, and left shoulder. *Id.* at 74-81. He further testified that the medications cause him to suffer lapses in concentration, drowsiness, dizziness, nausea, and constipation. *Id.* at 69-74. Plaintiff argues that the ALJ failed to properly evaluate these adverse side effects and should have included additional limitations, resulting therefrom, in Plaintiff's RFC. Pl.'s Br. at 7-9.

In her decision, the ALJ expressly noted Plaintiff's testimony regarding adverse medicinal side effects, stating:

> The claimant stated he uses prescription blood pressure medication, Lortab for pain, Neurontin for leg pain, and Diazep[r]am as a sleep aid. As side effects of the use of medications, the claimant described gastrointestinal distress, compromised mentation, and drowsiness.

R. 33. The ALJ then reviewed Plaintiff's testimony regarding what he could do and what he could not, i.e., the totality of the functional limitations Plaintiff alleges that he suffers from, whether caused by impairments or medication. *Id.* at 33-34. Thereafter, the ALJ analyzed at length the evidence regarding Plaintiff's functional capacity, including the limitations caused by Plaintiff's alleged pain. *Id.* at 34-37. The ALJ also, as discussed above, analyzed the credibility of Plaintiff's subjective complaints regarding "the intensity, persistence, and limiting effects" of Plaintiff's described symptoms, finding that testimony to be only partially credible. *Id.* at 34.

Upon careful review of the ALJ's decision and the evidence in the record, the undersigned concludes that the ALJ's general analysis of Plaintiff's functional limitations adequately addressed Plaintiff's alleged nonexertional limitations. While it would have been helpful for the ALJ to directly state that his general analysis of functional limitations included the subset of nonexertional limitations, that point is understandable given the lack of a medical history of complaints regarding such limitations or a medical opinion stating *separate* nonexertional limitations.

Plaintiff points to no medical evidence reflecting prior complaints of these nonexertional limitations. Indeed, in various unsigned disability report forms, Plaintiff had denied the existence of medicinal side effects from various prescriptions, including his blood pressure medication, Lortab, and Diazepram. *See* Form 3368, *id.* at 205-14, 212; Form 3341, *id.* at 242-48, 245; Form 3341, *id.* at 252-58, 255. Plaintiff likewise points to no medical opinion that Plaintiff suffers nonexertional limitations caused by medicinal side effects. The record includes one questionnaire completed by Charles Shields, M.D., stating Plaintiff suffers gastrointestinal difficulties and dizziness resulting from his medication. *Id.* at 465. Dr. Shields opined that Plaintiff suffers from a variety of functional limitations; however, he – like the ALJ – did not distinguish between the limitations caused by Plaintiff's physical injuries and the limitations caused by Plaintiff's medication. *Id.* at 463-67. Moreover, the ALJ expressly addressed Dr. Shields' opinion and determined it was entitled to little weight, *id.* at 37, a determination that Plaintiff does not challenge on appeal.

The ALJ's analysis of the medical evidence underlying her RFC determination was adequate when taken altogether. Plaintiff has not shown that the ALJ's RFC finding was not supported by substantial evidence in the record as a whole or tainted by application of incorrect legal standards.

## RECOMMENDATION

Because Plaintiff, for the reasons discussed, has not established that the Commissioner committed reversible error in denying Plaintiff's applications for DIB and SSI, the undersigned recommends that the Commissioner's decision be affirmed.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their respective rights to file an objection to this Report and Recommendation with the Clerk of this Court on or before March 25, 2014, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both the factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED on this 11th day of March, 2014.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE